**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **EDWARD G. NEWMAN JR.,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>**WINNCO INVESTMENTS, LLC**, a Texas company,<br><br>*Defendant.* | Case No. 5:24-cv-821<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Edward G. Newman Jr. ("Plaintiff Newman" or "Newman") brings this Class Action Complaint and Demand for Jury Trial against Defendant WinnCo Investments LLC ("Defendant WinnCo Investments") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Newman, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### PARTIES

1. Plaintiff Newman is a resident of Devine, Texas.

2. Defendant WinnCo Investments is a Texas company headquartered in New Braunfels. Defendant WinnCo Investments conducts business throughout this District, Texas, and the U.S.

## JURISDICTION AND VENUE

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over the Defendant because Defendant WinnCo Investments has its headquarters located in this state.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant WinnCo Investments has its headquarters in this District and the wrongful conduct giving rise to this case was directed from this District.

## INTRODUCTION

6. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10. According to online robocall tracking service "YouMail," 4.1 billion robocalls were placed in Juneh 2024 alone, at a rate of 137.6 million per day. www.robocallindex.com (last visited July 8, 2024).

11. The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

13. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

14. Defendant WinnCo Investments is a real estate firm that purchases land from consumers.[3]

15. Defendant WinnCo Investments places calls to consumers to generate business for its property investments.

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/winnco-investments-llc/about/

...

16. The Defendant places unsolicited pre-recorded calls, often times to cellular phone numbers, as per Plaintiff's experience.

17. Other consumers have posted complaints about unsolicited calls they received from WinnCo Investments, reporting that they received what appears to be an identical voicemail:

- "Stated "Hi this is Christian I'm a local Land expert that specialize in helping landowners with the value of the property I'm just reaching out to see if you'd be interested in a quick eval to find if there are any potential opportunities and you may be currently unaware"[4]

- "Hi this is Christian I'm a local Land expert that specialize in helping landowners in the value of the property reaching out to see if you'd be interested in a quick eval to find if there are any potential opportunities."[5]

18. According to Robokiller.com, many consumers have reported calls that they received from the Defendant:



[6]

---

[4] https://lookup.robokiller.com/p/830-283-7383
[5] https://lookup.robokiller.com/p/830-283-5583
[6] https://lookup.robokiller.com/p/830-283-7383

4



[7]

19.     In job postings for telemarketing representatives, WinnCo Investments states that the callers will be placing cold calls and delivering RVMs—prerecorded, ringless voicemails:

**WinnCo Investments LLC**
**Real Estate Marketing Experts**
Remote

**About us**
We are professional, customer-centric, creative and our goal is to WinnCo Investments is a family owned Real Estate investment firm acquiring a variety of Real Estate Investments..
Hello, thank you for taking the time to read through our job posting!
We are looking for a creative and skilled marketing team or person(s) that can take on several various marketing projects that we have for my Real Estate Investment firm. We do mostly direct marketing for off-market properties to purchase and invest in. These jobs/projects all rely on knowing how to truly be an expert in marketing in the **real estate** niche and up to date on key marketing strategies. Marketing for off-market real estate is all about the outreach with multi touch and various streams of creative marketing.
This opportunity to fulfill all the projects that we are seeking to complete could be a long-term relationship and project. Please refer to the list of requirements and projects below for a quick highlight of what we are looking for. If you are interested, please reach out directly!
**Requirements**:
· Must have experience working/marketing in Real Estate Investments.
· Must be a creative marketing solver with challenging projects we present to you!
· Must be able to complete all requirements for projects below.
**Budget**: Not Set! Willing to pay top dollar for quality work!
**Projects**:
· Brand building & awareness
· Direct Marketing:
o Direct Mail
o SMS Text Messaging
o Cold Call & RVM scripts
· Copywriting
· Multi Touch Marketing Strategies

[8]

---

[7] https://lookup.robokiller.com/p/830-283-5583

[8] https://www.glassdoor.com/job-listing/real-estate-marketing-experts-winnco-investments-llc-JV_KO0,29_KE30,52.htm?jl=1008818538535

20. In response to these calls, Plaintiff Newman brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

## PLAINTIFF NEWMAN'S ALLEGATIONS

21. Plaintiff Newman is the subscriber and the sole user of the cell phone number ending with 7363.

22. On June 19, 2024 at 3:20 PM, Plaintiff Newman received an unsolicited call to his cell phone from 830-283-5583.

23. This call was not answered but a pre-recorded voicemail was left stating:

"Hey it's Christian. Just reaching out to see if you still own any vacant land in Texas. I would love to have a quick call and find out more details soon if that's the case. Feel free to shoot me a call or text me to discuss when you have a quick moment. And the number is 830-283-7383. Again, the number is 830-283-7383. Thank you so much."

24. Plaintiff Newman believes this voicemail was pre-recorded because it is generic and sounds scripted. The voicemail makes no reference to anything regarding Plaintiff Newman.

25. 830-283-5583 is owned/operated by WinnCo Investments.

26. When 830-283-7383 is called, a text message is sent out by 830-283-7383 identifying the company name WinnCo:



6

27. The pre-recorded voicemail that Plaintiff received was from an employee named Christian. Christian Madrid is a real estate manager at WinnCo Investments:

**Christian Madrid**
Real Estate Manager at WinnCo Investments
San Antonio, Texas, United States · Contact info

WinnCo Investments [9]

28. Plaintiff Newman has never provided his cell phone number to Defendant WinnCo Investments in any context. The pre-recorded voicemail that he received was unsolicited.

29. The unauthorized solicitation telephone call that Plaintiff received from or on behalf of the Defendant have harmed Plaintiff Newman in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

30. Seeking redress for these injuries, Plaintiff Newman, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

31. Plaintiff Newman brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) the Defendant called on their cellular telephone number (2) using an artificial or pre-recorded voice.

32. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class;

---

[9] https://www.linkedin.com/in/christian-madrid-876475243/

7

(5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Newman anticipates the need to amend the Class definition following appropriate discovery.

33. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

34. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class without first obtaining consent to make the calls;

(b) whether the calls constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the wilfulness of Defendant's conduct.

35. **Adequate Representation**: Plaintiff Newman will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Newman has no interests antagonistic to those of the Class, and the Defendant have no defenses unique to Plaintiff. Plaintiff Newman and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Newman nor his counsel have any interest adverse to the Class.

36. **Appropriateness**: This class action is also appropriate for certification because the Defendant have acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant' business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant' conduct with respect to the Class as wholes, not on facts or law applicable only to Plaintiff Newman. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant' actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant' misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Newman and the Pre-recorded No Consent Class)

37. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

38. The Defendant transmitted unwanted telephone calls to Plaintiff Newman and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

39. These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

40. The Defendant have, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant' conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant' actions, as set out above, violate the TCPA;

d) An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Newman requests a jury trial.

DATED this 23rd day of July, 2024.

        **EDWARD G NEWMAN JR.**, individually and on behalf of all others similarly situated,

By: /s/ Nayeem N. Mohammed
Nayeem N. Mohammed*
Law Office of Nayeem N. Mohammed
539 W. Commerce St.
Ste 1899
Dallas, TX 75208
972-767-9099
Email: nayeem@nnmpc.com
*Local Counsel

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*